IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY PARDO,

    Plaintiff,                      No. CIV S-04-1104 LKK GGH P

    vs.

RICHARD RIMMER, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On May 3, 2005 this court issued an order, noting that by order filed on March 29, 2005, plaintiff had been directed to file the documents necessary for service upon defendants to be effected within thirty days. In that order, the court also stated that plaintiff had been directed to do so originally in an order filed on December 15, 2004. The court continued:

> By filings dated April 18, 2005, plaintiff asks the court to provide him once again with the documents necessary for service to be effected, seeks an additional extension of time of ninety days to do so and seeks an order to High Desert State Prison officials directing that he be allowed reasonable law library access and access to his legal property in order to proceed in this action. Plaintiff avers that he has been on an institutional lockdown since January 26, 2005, although he submits no documentation in support of this claim, and that he has an unspecified physical impairment making hand-produced copies very difficult for him.

1

1
2
3
4
5
>Plaintiff will be granted a thirty day extension of time to show
proof that he is being denied access to the forms already provided
by the court and that he is being denied all access to photocopying
services at the prison law library. Beyond showing that he is
subject to an institutional lockdown, plaintiff should also
demonstrate when, by whom, and for what reason any specific
requests for access to the relevant legal property and to
photocopying services have been denied. His requests, filed on
April 18, 2005, will otherwise be denied.

6 See Order, filed on May 3, 2005.

7 The thirty day period has expired, and plaintiff has not responded in any fashion
8 to the court's order. The undersigned will now recommend that this action be dismissed for
9 plaintiff's failure to comply with court orders and for his failure to prosecute this action.

10
11
12
>The authority of a federal trial court to dismiss a plaintiff's action
with prejudice because of his failure to prosecute cannot seriously
be doubted. [FN3] The power to invoke this sanction is necessary
in order to prevent undue delays in the disposition of pending cases
and to avoid congestion in the calendars of the District Courts.

13 Roadway Express, Inc., v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), quoting Link
14 v. Wabash Railroad Co., 370 U.S. 626, 629-630, 82 S. Ct. 1386, 1388 (1962); Plaut v.
15 Spendthrift , 514 U.S. 211, 228, 115 S. Ct. 1447, 1457 (1995)("[t]he rules of finality, both
16 statutory and judge made, treat," inter alia, dismissals "for failure to prosecute: as a judgment on
17 the merits.").

18 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
19 See Local Rule 11-110; Fed. R. Civ. P. 41(b).

20 \\\\\
21 \\\\\
22 \\\\\
23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

1   These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, plaintiff may file written
4  objections with the court.  Such a document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
6  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.
7  Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  DATED: 7/12/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

11  GGH:009
    pard1104.fr